IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNAMALAI ANNAMALAI,

                Petitioner,

v.                                                ORDER

G. ROSENBERG,                       24-cv-204-jdp

                Respondent.

---

Petitioner Annamalai Annamalai filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, to which the court may apply the Rules Governing § 2254 Cases (Section 2254 Rules). Rule 1(b), Section 2254 Rules. Under those Rules, as relevant here, a habeas petition must substantially follow the form that a local district court prescribes. *See* Rule 2(d), Section 2254 Rules.

This court uses a standard form for § 2241 petitioners who are proceeding without counsel. Among other things, that form requires: (1) specific procedural information, including information about the exhaustion of administrative remedies; and (2) a *concise* statement of each ground for relief and a *brief* summary of the facts supporting each ground.

Annamalai's petition doesn't substantially follow the court's form. In particular, the petition doesn't contain the required information about exhaustion of administrative remedies, or a concise statement of Annamalai's grounds for relief and a brief summary of the facts supporting them.

Therefore, the court will order Annamalai to file an amended petition on the court's form. Annamalai must:

- Fill out the form completely;

- Concisely state each ground on which he seeks relief; and
- Briefly summarize the facts supporting each ground.

If Annamalai seeks additional space to allege more facts supporting his claims, or to file a separate memorandum, he may file a supplemental brief not exceeding three (3) pages. In imposing this page limitation, the court is mindful of Annamalai's "history of frequent and abusive litigation." *Annamalai v. Warden*, 760 F. App'x 843, 851 (11th Cir. 2019); *see also Annamalai v. Sivanadiyan*, 713 F. App'x 409, 411 (5th Cir. 2018) (noting that Annamalai has been "sanctioned extensively" in federal court for filing "a deluge" of meritless and frivolous actions). Any text or handwriting in the amended petition or supplemental brief must not be excessively small and must contain enough space between lines to ensure legibility. Most of the block quotes, footnotes, and embedded documents in the petition don't meet this requirement.

ORDER

IT IS ORDERED that:

1. Petitioner has until May 27, 2024, to file an amended habeas petition in accordance with this order.

2. The clerk of court is directed to send petitioner copies of this order and the court's pro se form for § 2241 cases.

Entered April 25, 2024.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge